## TUCKER *v.* THE AGRICULTURAL BANK OF MISSISSIPPI.

No decision will be given in an action against an absent defendant, where it does not appear from the record that the curator *ad hoc* appointed to represent him had accepted the appointment. The case will be remanded to be tried below contradictorily with the curator *ad hoc*.

APPEAL from the District Court of Concordia, *Curry*, J. *Frost*, for the appellant. *T. P. Farrar*, for the opponents. The judgment of the court was pronounced by

SLIDELL, J. This litigation comes before us in a form so irregular, that we are unwilling to express any definitive opinion upon the rights of the parties, and must remand the cause for further proceedings.

The plaintiff obtained an order for executory process upon a judgment obtained in Mississippi. A curator *ad hoc* was appointed to represent the absent

defendants, but whether he accepted the appointment does not appear. He has made no appearance, either in the court below or in this court.

This order of seizure is stated by the sheriff's return to have been levied on three promissory notes, drawn by one *Jesse Guice*, to the order of the bank, amounting to about $8,000; but it appears from the sheriff's testimony that he never got possession of the notes. Pending the so called seizure, *Brown, Brothers & Co.* filed a third opposition, alleging that they had a privilege as pledgees upon the notes, and praying that the proceeds of the sale when made might be paid over to them. They asked the citation of the plaintiff but not of the defendants. The plaintiff accepted service of this third opposition.

Soon after an adjudication of the *Guice* debt was made, at sheriff's sale, to *James Brown*, one of the third opponents, at twelve months' credit. This sale seems to have been irregularly conducted. The advertisement, so far as we can judge from the return, does not state whether the notes were protested at maturity, a matter of importance with reference to the question of interest, nor make mention of the mortgage by which they seem to have been secured. The appraisement was made by one appraiser, and the notes which this appraiser, named by the plaintiff, had estimated at $8,000 and upwards, were struck off at $2,020.

After the sale, the third opposition was tried without any representation of the defendants. There was judgment for the third opponent; the absent defendants were condemned to pay the costs, and the plaintiff has appealed.

Questions of great importance are presented in this irregular manner. The validity of a pledge in favor of *Brown, Brothers & Co.*, to secure an indebtedness of $500,000; the constitutionality, and effect, if constitutional, of a statute of Mississippi, inhibiting the transfer of their assets by the banks of that State; the validity of judicial sales of credits belonging to absentees, in the apparently loose and informal manner already noticed; and, in the discussion of subjects of so great importance to the absent defendants, they have been entirely overlooked.

The necessity that the bank should be a party to this litigation is too obvious to require comment, and demands that this cause should be sent back to the lower court to be there tried in a proper manner. If the curator *ad hoc* declines the appointment, the court should make a new one.

It is therefore decreed that the judgment of the court below be reversed, and that this cause be remanded for a new trial, after due citation of the curator *ad hoc* already appointed; and for further proceedings according to law; the third opponents paying the costs of this appeal.